UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                    Case No. 12-CR-0175

ANDRE T GRIFFIN,

    Defendant.

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

Defendant Andre T. Griffin was convicted on June 13, 2013 of Aggravated Identity Theft and Using a Counterfeit Access Device, contrary to 18 U.S.C. §§ 1028Aa(1) and 1029(a)1, following his entry of guilty pleas to those offenses. On September 12, 2013, he was sentenced to a total term of 65 months in the custody of the Bureau of Prisons, which was run consecutive to his state sentence. On January 3, 2017, Griffin filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). In support of his motion, Griffin cites a recent Second Circuit decision in *United States v Algahaim*, 842 F.3d 796 (2nd Cir. 2016). Neither a § 3582(c)(2) nor the Second Circuit's decision in *Algahaim* support his motion. Accordingly, it will be denied.

Section 3582(c)(2) of Title 18 authorizes the court to reduce a defendant's sentence under circumstances where the sentencing commission has subsequently reduced the applicable sentence range for that offense. No such modification has occurred in this case. The Guideline for the crimes Griffin committed was found in U.S.S.G. § 2B1.1. The Sentencing Commission has not modified that guideline in any way that would affect the sentence range determined by the Court in this case. Absent any change in the Guidelines effecting the defendant's sentence range, § 3582(c)(2) has no application.

Furthermore, the Second Circuit's decision in *Algahaim* also has no application. In that case the court determined on direct appeal that the sentencing court should have considered whether the defendant was entitled to a mitigating role downward adjustment in his offense level pursuant to U.S.S.G. § 3B1.2. In this case it is clear that Griffin was not entitled to a mitigating role adjustment. Indeed, it appears he was one of the leaders, if not "the" leader, in the series of crimes that led to his conviction.

Finally, even if an argument could be made that Griffin was entitled to a mitigating role adjustment, the time for presenting that argument has long passed. No argument in support of such an adjustment was made at the time of sentencing, and the time for appeal has run. Moreover, the time for a post-conviction motion under 28 U.S.C. § 2255 has also run. Under these circumstances, Griffin is not entitled to relief and the court has no authority to reduce his sentence.

Griffin notes in his motion that he has been a model prisoner and attached to his motion is an inmate education data transcript that indicates that he has completed his GED or HS diploma. He has also taken other courses and appears to be doing well. While the court commends Griffin for his efforts, it provides no basis upon which the court has authority to reduce his sentence at this late date. Accordingly, the motion must be denied.

SO ORDERED this   4th   day of January, 2017.

    s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court

2

Case 1:12-cr-00175-WCG   Filed 01/04/17   Page 2 of 2   Document 204